UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOMMY THORN BUSH, JR.,

            Plaintiff,

v.                                                   Case No. 23-cv-1701-pp

KYLE J. GRAF, *et al.*,

            Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE CONSENT MAGISTRATE JUDGE CONSENT FORM AND TRUST ACCOUNT STATEMENT (DKT. NO. 6), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO PAY INITIAL PARTIAL FILING FEE (DKT. NO. 13) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Tommy Thorn Bush, Jr., who is incarcerated at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging violations of his constitutional rights during a search executed at his residence in Milwaukee, Wisconsin. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

The plaintiff filed a motion for extension of time to file his consent to proceed before magistrate judge form and trust account statement. Dkt. No. 6 The court has received both of those documents, so it will deny that motion as moot. On March 20, 2024, the court received from the plaintiff a motion for an extension of time to pay his initial partial filing fee. Dkt. No. 13. The court

1

received the initial partial filing fee the next day—one day before the due date—so it also will deny that motion as moot.

I. **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On February 26, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $8.40. Dkt. No. 11. The court received that fee on March 21, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

II. **Screening the Complaint**

    A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less
3

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued City of Milwaukee Police Officer Kyle J. Graf, John Doe MPD Officers 1-5 and the City of Milwaukee. Dkt. No. 1 at 1. He alleges that on March 5, 2018, Milwaukee County Circuit Court Judge David Swanson signed a search warrant for defendant Graf to execute a search and seizure at the plaintiff's residence (3531 N. 8th Street in Milwaukee), including all vehicles and storage areas associated with and accessible to that address. Id. at 3. The plaintiff states that upon completion of the search, no contraband was found. Id. He states that the search warrant was valid. Id. at ¶5.

The plaintiff alleges that when Officer Graf and the John Doe MPD officer defendants conducted the search, the plaintiff was detained at the Milwaukee County House of Correction. Id. at ¶6. Graf and the Doe defendants allegedly credited an unreliable source "who's never been inside the plaintiff's home to make them believe drugs (cocaine) w[]ere located inside the walls of the plaintiff's [] home." The plaintiff states that while conducting the search, Graf and the Doe defendants "completely demolished and destroyed [his] home, leaving it in extreme disarray by tearing up walls, ceilings, floors, flipping furniture and appliances throughout the home." Id. at ¶¶8-9. Graf and the Doe defendants also allegedly destroyed the plaintiff's three vehicles that were in the backyard of the residence. Id. at ¶10.

4

Case 2:23-cv-01701-PP   Filed 06/17/24   Page 4 of 10   Document 15

The plaintiff alleges that the damage and destruction to his residence, vehicles and property were excessive and unnecessary. Id. at ¶12. He asserts that Graf and the Doe defendants did not have "valid probable cause" to obtain a search warrant to conduct the search and that they credited an unreliable source to believe drugs would be found in the walls of the plaintiff's home. Id. at ¶13.

The plaintiff alleges that Graf and the Doe defendants did not board up his home or secure his vehicles after the search, leaving them vulnerable to burglars and vandals, and that his home and vehicles were burglarized and/or vandalized. Id. at ¶¶15-16. When the plaintiff was released from confinement in December 2018, he allegedly could not return home because the home was completely destroyed and in disarray. Id. at ¶17.

The plaintiff claims that Graf and the Doe defendants violated his constitutional rights by damaging his property during the search. Id. at ¶20. He alleges that defendant City of Milwaukee is liable under *respondeat superior* because it employs Graf and the Doe officers. Id. at ¶14, 21. For relief, the plaintiff seeks injunctive relief, declaratory and damages. Id. at ¶¶23-26.

C. Analysis

The court evaluates under the Fourth Amendment's reasonableness standard the plaintiff's claim for claim for property damage that occurred during the execution of a valid search warrant. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003) (citing United States v. Ramirez, 523 U.S. 65 (1998)). Even though the entry may be lawful, "[e]xcessive or unnecessary destruction of

5

property in the course of a search may violate the Fourth Amendment." Ramirez, 523 U.S. at 71; see also Johnson v. Manitowoc County, 635 F.3d 331, 335 (7th Cir. 2011) ("The reasonableness requirement [of the Fourth Amendment] extends to the manner in which the search is conducted."). The plaintiff may proceed on a Fourth Amendment claim against Graf and the Doe defendants for the alleged unnecessary destruction to his home and vehicles during the search.

The plaintiff also alleges that while the search warrant signed by Judge Swanson was "valid," Graf and the Doe officers "relied on an unreasonable source named Lendale Joyner, who's never been inside the plaintiff's home to make them believe drugs (cocaine) w[]ere located inside the walls of the plaintiff's [] home." Dkt. No. 1 at ¶7. A search warrant is valid under the Fourth Amendment if it is based on probable cause and particularly describes the places to be searched and the person or things to be seized. See Guzman v. City of Chicago, 565 F.3d 393, 396 (7th Cir. 2009). "An affidavit establishes probable cause to support a search warrant when it sets forth sufficient evidence to convince a reasonable person that a search will uncover evidence of the alleged crime." United States v. Bell, 585 F.3d 1045, 1049 (7th Cir. 2009). When an informant supplies the facts in the affidavit, the probable cause determination also turns on the informant's credibility. See id., 585 F.3d at 1049-50. Relevant factors include: "(1) the extent to which police corroborated the informant's statements; (2) the degree to which the informant acquired knowledge of the events through first-hand observation; (3) the amount of

6

detail provided; (4) the interval between the date of the events and the police officer's application for the search warrant; and (5) whether the informant appeared before the issuing judge so that the judge could assess the informant's credibility." Id. at 1050. At this early stage, the court will allow the plaintiff to proceed on a Fourth Amendment claim against Graf and the Doe officers on allegations that they used statements from an unreliable informant to obtain the search warrant. Once defendant Graf has filed a responsive pleading to the complaint, the court will issue a scheduling order that will include instructions for the plaintiff about how to find out the names of the Doe defendants.

The plaintiff has not stated a claim against the City of Milwaukee. A municipality like the City of Milwaukee can be held liable under §1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). This requires a plaintiff to prove that "the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by [the city's] officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." Thomas v. Cook Cnty. Sheriff's Dep't, 604 F.3d 293, 303 (7th Cir. 2010) (citing Monell, 436 U.S. at 690). The plaintiff has not alleged that the City of Milwaukee has a custom, policy or practice of engaging

7

in the conduct described in the complaint. The court will dismiss City of Milwaukee.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time to file consent to proceed before magistrate form and prisoner trust account statement. Dkt. No. 6.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time to pay initial partial filing fee. Dkt. No. 13.

The court **DISMISSES** defendant the City of Milwaukee.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant Kyle J. Graf under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendant Graf to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$341.60** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Columbia Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 17th day of June, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**