UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOMMY THORN BUSH, JR.,

           Plaintiff,

v.                                               Case No. 23-cv-1701-pp

KYLE J GRAF and
JOHN DOES 1-5, *sued as John Does MPD Officers 1-5*,

           Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GRAF'S MOTION TO DISMISS (DKT. NO. 21) AND DENYING PLAINTIFF'S MOTION TO AMEND (DKT. NO. 35)**

---

      Plaintiff Tommy Thorn Bush, Jr., who is incarcerated at Columbia Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on a Fourth Amendment claim against defendant City of Milwaukee Police Officer Kyle Graf and John Doe Officers for alleged unnecessary destruction to the plaintiff's home and vehicles during a search. Dkt. No. 15 at 6. The court also allowed the plaintiff to proceed on a Fourth Amendment claim against Graf and the Doe officers based on allegations that they used statements from an unreliable informant to obtain the search warrant. Id. at 7. Defendant Graf has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), dkt. no. 21, and the plaintiff has filed a motion for leave to amend the complaint, dkt. no. 35. This order addresses those motions.

1

## I. Defendant Graf's Motion to Dismiss (Dkt. No. 21)

### A. Complaint's Allegations

The plaintiff alleges that on March 5, 2018, Milwaukee County Circuit Court Judge David Swanson signed a search warrant allowing defendant Officer Graf to execute a search and seizure at the plaintiff's residence (3531 N. 8th Street, Milwaukee, Wisconsin), including all vehicles and storage areas associated with and accessible to that address. Dkt. No. 1 at 3. The plaintiff states that upon completion of the search, no contraband was found. Id. He concedes that the search warrant was valid. Id. at ¶5.

The complaint alleges that at the time Graf and the John Doe MPD officer defendants conducted the search, the plaintiff was detained at the Milwaukee County House of Correction, and there was no one else in the residence. Id. at ¶6. He alleges that Graf and the Doe defendants credited an unreliable source "who's never been inside the plaintiff's home to make them believe drugs (cocaine) w[]ere located inside the walls of the plaintiff's [] home." Id. at ¶7. The plaintiff states that while conducting the search, Graf and the Doe defendants "completely demolished and destroyed [his] home, leaving it in extreme disarray by tearing up walls, ceilings, floors, flipping furniture and appliances throughout the home." Id. at ¶¶8-9. Graf and the Doe defendants also allegedly destroyed the plaintiff's three vehicles that were in the backyard of the residence. Id. at ¶10.

The plaintiff alleges that the damage and destruction to his residence, vehicles and property were excessive and unnecessary. Id. at ¶12. He asserts that Graf and the Doe defendants did not have "valid probable cause" to obtain a search warrant to conduct the search and that they credited an unreliable

2

source to believe that drugs would be found in the walls of the plaintiff's home. Id. at ¶13.

The plaintiff alleges that Graf and the Doe defendants did not board up his home or secure his vehicles after the search, leaving them vulnerable to burglars and vandals, and that his home and vehicles were burglarized and/or vandalized. Id. at ¶¶15-16. When the plaintiff was released from confinement in December 2018, he allegedly could not return home because the home was completely destroyed and in disarray. Id. at ¶17.

B.    Standard for Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Alarm Detection Sys., Inc. v. Village of Schaumburg, 930 F.3d 812, 821 (7th Cir. 2019) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When evaluating a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true and draws reasonable inferences in the plaintiff's favor. Taha v. Int'l Bhd. of Teamsters, Local 781, 947 F.3d 464, 469 (7th Cir. 2020) (citing Yeftich v. Navistar, Inc., 722 F.3d 911, 915 (7th Cir. 2013)). A plaintiff's failure to respond to an argument raised in a motion to dismiss forfeits an argument on that issue. See Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011) ("[A] litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."); Lekas v. Briley, 405 F.3d 602, 614 (7th Cir. 2005).

In considering a motion to dismiss, the court may consider materials central to and referred to in the complaint, and information subject to judicial notice. See Geinosky v. City of Chicago, 675 F.3d 743, 745 n.1 (7th Cir. 2012); Adams v. City of Indianapolis, 742 F.3d 720, 729 (7th Cir. 2014); see also Menomonee Tribe of Wis. v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998) (holding that it is proper to consider matters not in the plaintiff's complaint but that are subject to judicial notice; that is, historical documents, documents contained in the public record, and reports of administrative bodies.). The court may take judicial notice of public records, including public court documents, in ruling on a motion to dismiss under Rule 12(b)(6). See, *e.g.*, White v. Keely, 814 F.3d 883, 885 n.2 (7th Cir. 2016).

C. Discussion

Defendant Graf first contends that the court should dismiss the plaintiff's Fourth Amendment claim that the search warrant was based on statements from an unreliable informant because the warrant was *not* based on information from an unreliable informant. Dkt. No. 22 at 3. In the complaint, the plaintiff alleges that Graf and the Doe officers relied on an unreliable source named Lendale Joyner to make them believe that drugs were located in the walls of the plaintiff's home. Dkt. No. 1 at ¶7. Graf states that contrary to the plaintiff's allegation, Lendale Joyner was *not* a direct source of information that drugs and/or money likely would be found at 3531 N. 8th Street, nor did Lendale Joyner advise police that drugs were hidden in the walls of that residence. Dkt. No. 22 at 5. Graf also states that Lendale Joyner was not the only source of information concerning the plaintiff's alleged drug trafficking activities. Id. He says that there was a large amount of information from various sources that supported issuance of the search warrant. Id.

4

Regarding the plaintiff's other Fourth Amendment claim—that Graf and the Doe officers unnecessarily destroyed the plaintiff's home and vehicles during the search—Graf contends that the plaintiff has failed to establish that Graf caused the alleged destruction of his home and vehicles. Dkt. No. 22 at 15. According to Graf, "[a]lthough the plaintiff alleges officers damaged, demolished and/or destroyed his home and vehicles [], he has failed to establish that Officer Graf was the cause of the alleged damage, and even admits that the residence and vehicles were subsequently burglarized and vandalized at some point between when he was detained on February 18, 2018 and when he was released ten months later []." Id. at 17. Graf contends that because the plaintiff has not alleged any facts showing that Graf personally used excessive and unnecessary force while executing the search warrant and was the reason for the property damage, or that Graf had a realistic opportunity to step forward and prevent a fellow officer from violating the plaintiff's constitutional rights, the plaintiff has failed to state a claim upon which relief can be granted. Id. at 17-18.

The plaintiff responds by first reiterating that the affidavit for search warrant was based on statements from an unreliable informant. Dkt. No. 29 at 2. He contends that the facts in Graf's motion to dismiss are not relevant. Id. The plaintiff asserts that the "subject of the plaintiff's complaint is the search warrant and the facts set forth in the affidavit in support thereof[.]" Id. According to the plaintiff, officers had "no reliable information to support the wild plausibility that there might be drugs located in the walls of this home." Id. at 3. He states that all the informants mentioned in the warrant affidavit were arrested while in the commission of a felony and that none of them have previous interactions with law enforcement to boost their credibility. Id. The

5

plaintiff states that he did not sell any drugs in a controlled buy and therefore that no warrant should have been issued for his North 8th Street home <u>Id.</u> The plaintiff asserts that all the charges against him in Case No. 2018CF883 were dismissed. <u>Id.</u> at 4. He also states that the drugs found during the searches at 2479 S. 5th Place and 2478 S. 5th Place did not belong to him. <u>Id.</u>

Along with his motion to dismiss, Graf filed several documents—including the Affidavit for Search Warrant for 3531 N. 8th Street, dkt. no. 22-5, and the Search Warrant for 3531 N. 8th Street, dkt. no. 22-6. The court takes judicial notice of these documents because the search warrant and sources of information used to obtain it are referenced in the plaintiff's complaint and are central to his Fourth Amendment claim. <u>See</u> Geinosky, 675 F.3d at 745 n.1.

Graf authored the affidavit for search warrant for 3531 N. 8th Street, Milwaukee, Wisconsin. Dkt. No. 22-5 at 2, 7. The affidavit contains a section titled "PROBABLE CAUSE & INVESTIGATION," which describes events and information leading up to the issuance of the warrant. <u>Id.</u> at ¶¶4-15. The affidavit states that on March 4, 2018, police officers responded to an entry at 3531 N. 8th Street, where they observed a broken window. <u>Id.</u> at ¶4. They cleared the residence for possible suspects, locked the door and left the residence. <u>Id.</u> About an hour later, the same officers received information that a ladder had been returned to the back of the residence. <u>Id.</u> at ¶5. After verifying this, the officers asked the Milwaukee Fire Department to conduct a forced entry to clear the house of possible suspects. <u>Id.</u> Two individuals were located in the residence, Laquan Mills and Sharounder Joyner. <u>Id.</u> Sharounder Joyner told the officers that she was the plaintiff's cousin and that the plaintiff was a cocaine dealer who lived and rented a house on S. 5th Place on the south side of Milwaukee. <u>Id.</u> at 6. One of the officers was aware "of a drug dealer named

6

Tommy T. Bush [], who live[d] on S. 5th Pl." and was aware that that person "was arrested within the last two weeks during a drug investigation which resulted in a search warrant on his house, leading to the recovery of a firearm, a large amount of US Currency, and positively tested cocaine." Id. Sharounder Joyner told the officer that although the plaintiff rented and primarily lived at S. 5th Place, he owned 3531 N. 8th Street, which he used "as a 'stash house' and a 'safe haven' for his illegal narcotics and his proceeds from selling illegal narcotics." Id. Sharounder Joyner also told the officer that she met with Lendale Joyner (who is her and the plaintiff's uncle) on March 2, 2018; she said that Lendale Joyner sells drugs with the plaintiff and told her that the plaintiff had twelve ounces of cocaine and $15,000 hidden in 3531 N. 8th Street and that he needed help taking the money from the residence. Id. at ¶7. Sharounder Joyner said that on March 4, 2018, she and her son, Lauqan Mills, had been trying the find the drugs and money. Id.

The affidavit states that Graf conducted a follow-up investigation and ascertained that the plaintiff had a suspended State of Wisconsin driver's license listing his residence as 3531 N. 8th Street, Milwaukee, Wisconsin. Id. at ¶8. The affidavit also states:

> That affiant is aware that on February 18th, 2018, a search warrant was obtained and served for the following addresses: 2479 S. 5th Pl; 2478 S. 5th Pl. #A lower unit; 2485 S. 5th Pl.; and 2484 S. 5th Pl. upper. The target of the search warrants was Tommy T. BUSH, B/M []; A.K.A. "Tommy Guns" or "Jazz".
>
> The affiant is aware that during the service of these warrants members of the Milwaukee Police Department Southside FBI Task Force recovered 6.24 Grams of Marijuana; 100 individually wrapped clear plastic sandwich bag corners containing cocaine base with a weight of 16.75 Grams; a glass container containing 3.47 Grams of cocaine base; a Springfield Arms Co. XD-40 semi-automatic .40 caliber pistol; a total of $8,211.00 in US currency; and a variety of drug paraphernalia, as well as packaging and scales.

7

> The affiant is aware that Tommy T. BUSH, B/M [], was arrested during the warrant and charged in pending Milwaukee Case 2018CF883 with 941.28(1m)(a) (Possession of Firearm by Convicted Felon); 961.41(1m)(cm)1r (Possess W/Intent-Cocaine >1-5G); and 961.42(1) (Maintain Drug Trafficking Place), which case lists 3531 N 8th St as his address in CCAP, which affiant has relied upon as accurate previously and found to be reliable.
>
> …
>
> That affiant is aware that the residence of 3531 N. 8th St, has newly installed drywall, and is aware based upon training and experience that drug dealers often secret stashes of drugs inside walls to avoid detection.
>
> That affiant is aware that the target, Tommy T. BUSH, [], in possession of a 2005 Jaguar X-Type, Wisconsin License plate 534XLB, which is located at the rear of 3531 N. 8th St. That affiant is aware through his training and experience that drug dealers often secret stashes of drugs within their vehicle for concealment and transport.

Id. at ¶¶9-11, 13-14.

A judge's decision to issue a search warrant should be upheld as long as the judge had a "substantial basis for . . . conclud[ing] that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238-39 (1983). "[A] magistrate's determination of probable cause is to be 'given considerable weight and should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated." United States v. Spry, 190 F.3d 829, 835 (7th Cir. 1999).

Even if, as the plaintiff alleges in the complaint, Lendale Joyner was an unreliable informant, the affidavit was based on other information that independently established probable cause to search the plaintiff's residence and vehicles for drugs. The affidavit established probable cause for the search

warrant. See United States v. Olson, 408 F.3d 366, 370 (7th Cir. 2005); United States v. Peck, 317 F.3d 754, 756 (7th Cir. 2003). The court will grant Graf's motion to dismiss the plaintiff's Fourth Amendment claim that Graf and other officers used statements from an unreliable informant to obtain the search warrant.

On the other hand, the complaint plausibly alleges a claim against Graf based on the way the search was conducted. Graf contends that the plaintiff has not established that Graf was responsible for the alleged destruction of his home and vehicle. But to state a claim, the plaintiff needed only *allege* Graf's involvement, which he has done. And the court agrees with the plaintiff that no facts have been alleged to show that Graf did not participate in the alleged destruction. The fact that the plaintiff's home was robbed before the search does not mean that it wasn't damaged later. As the plaintiff points out, the officers who visited the home on March 4 observed that it did not appear to be damaged. The court will deny Graf's motion to dismiss as to this claim.

II.     **Plaintiff's Motion to Amend Complaint (Dkt. No. 35)**

The plaintiff has filed a motion for leave to amend the complaint; he says he forgot to add a "failure to intervene" claim regarding defendant Graf. Dkt. No. 35 at 1. The plaintiff appears to have filed this motion in response to Graf's motion to dismiss, in which Graf argued that the plaintiff had not established that Graf caused the alleged destruction of the plaintiff's home and vehicles. The court has denied that part of Graf's motion to dismiss because the plaintiff has alleged that Graf participated in the destruction, which is all he needs to do at this stage.

Further, a party asking leave to amend a complaint must follow this court's local rules by filing a motion to amend describing the proposed

amendment, along with a comprehensive proposed amended complaint. <u>See</u> Civil Local Rule 15 (E.D. Wis.). The plaintiff did not follow this rule—he has not provided the court with a proposed amended complaint.

This order requires Graf to file an answer to the complaint. Once he does that, the court will issue a scheduling order setting deadlines for the plaintiff to identify the Doe defendants, for the parties to complete discovery and for the parties to file motions for summary judgment.

### III. Conclusion

The court **GRANTS IN PART AND DENIES IN PART** defendant Graf's motion to dismiss. Dkt. No. 21.

The court **GRANTS** the motion as to the plaintiff's Fourth Amendment claim that the defendants used statements from an unreliable informant to obtain the search warrant.

The court **DENIES** the motion as to the plaintiff's Fourth Amendment claim that the defendants unnecessarily destroyed his home and vehicles during the search.

The court **DENIES** the plaintiff's motion to amend complaint. Dkt. No. 35.

The court **ORDERS** that defendant Graf must file a responsive pleading to the complaint by the end of the day on **March 28, 2025**.

Dated in Milwaukee, Wisconsin this 10th day of March, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**