UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMY THORN BUSH, JR.,

        Plaintiff,

v.                                       Case No. 23-cv-1701-pp

KYLE J. GRAF and JOHN DOES 1-5,

        Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 45), DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 48), DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 52), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT (DKT. NO. 58), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 59), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 60) AND STAYING CURRENT DEADLINES**

      Plaintiff Tommy Thorn Bush, Jr., who is incarcerated at Columbia Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on a Fourth Amendment claim against City of Milwaukee Police Officer Kyle Graf and John Doe Officers for alleged unnecessary destruction to the plaintiff's home and vehicles during a search. Dkt. No. 15 at 6.[1] This order addresses the plaintiff's motions to appoint counsel, dkt. nos. 45, 60, motions to amend the complaint, dkt. nos. 48, 59, motion to compel, dkt. no. 52, and motion for extension of time, dkt. no. 58.

---

[1] At screening, the court also allowed the plaintiff to proceed on a Fourth Amendment claim based on allegations that the defendants used statements from an unreliable informant to obtain the search warrant. Dkt. No. 15 at 7. The court dismissed that claim on March 10, 2025 when it partially granted defendant Graf's motion to dismiss. Dkt. No. 39 at 10.

1

**I.      Motions to Appoint Counsel (Dkt. Nos. 45, 60)**

The plaintiff has filed two motions asking the court to appoint counsel; the motions contain similar arguments. Dkt. Nos. 45, 60. The court will consider the latter-filed motion and it will deny as moot the first motion. The plaintiff contends that his case is complex because he alleges that several officers excessively and unnecessarily destroyed his home, property and vehicles, while other officers failed to intervene. Dkt. No. 60 at ¶1. He says that because he is incarcerated, he cannot investigate the facts, such as identifying and interviewing neighbors who may have information about the search. Id. at ¶2. The plaintiff also asserts that his account conflicts with the defendants' version, that he is indigent and that he has no legal training. Id. at ¶¶3-4. He contends that the legal complexity and merits of his claims warrant the appointment of counsel. Id. at ¶¶5-6.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-

55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the

case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the first requirement that he make a reasonable attempt to find a lawyer on his own. But the court does not agree that he needs a lawyer at this stage. The plaintiff's clear, persuasive filings demonstrate that he can ably represent himself at this early stage of the litigation. He can describe to the court his version of the events and advocate for himself. The plaintiff has identified the Doe defendants. His claim, which involves the defendants' alleged search of his home and property on one day, is not complex. He can engage in discovery and respond to a motion for summary judgment. Based on these factors, the court will deny without prejudice his motion to appoint counsel. The plaintiff may renew his request for counsel if the case proceeds to trial.

## II.     Motion to Compel (Dkt. No. 52)

On May 19, 2025, the court received from the plaintiff a motion to compel discovery in which he states that the defendants did not respond to a request for production of documents that he served on them on March 17, 2025. Dkt. No. 53 at 1. The defendants respond that counsel mailed discovery responses to the plaintiff on May 19, 2025, and that the plaintiff has confirmed receipt of the responses. Dkt. No. 57. Because it appears that the issue raised in the plaintiff's motion to compel has been resolved, the court will deny that motion as moot.

## III.    Motions to Amend Complaint and Extend Time
##        (Dkt. Nos. 48, 58, 59)

The plaintiff has filed two motions to amend the complaint, dkt. nos. 48, 59, and a motion for an extension of time to file amended complaint, dkt. no. 58. The court will deny as moot his first motion to amend and address the

4

latter-filed motion to amend. Before doing so, the court will address the plaintiff's motion for a thirty-day extension of time to file an amended complaint. Dkt. No. 58. After defendant Graf answered the complaint, the court issued a scheduling order setting a deadline of June 20, 2025 for the plaintiff to file a motion to amend the complaint or add parties, including identification of the Doe defendants. Dkt. No. 46 at 2. The court received the plaintiff's latter-filed motion to amend, dkt. no. 59, *on June 20, 2025*, the date it was due. Dkt. No. 59. Because the plaintiff filed his motion on the deadline, he does not need an extension of time, and the court will deny his motion as moot.

In his motion to amend, the plaintiff states that he seeks to file an amended complaint identifying the names of the MPD John Doe Officers 1-5 involved in his Fourth Amendment claim and adding a failure-to-intervene claim. Dkt. No. 59 at 1-2. He states that the Doe officers were present during the search of his home, property and vehicle and may have participated in, or failed to intervene in, the excessive and unnecessary destruction of his property. Id. at 2. The plaintiff identifies the Doe officers as: Michael Budziszewski, Robert Watts, Andrew Gross, Chad Boyak and Anthony Milone. Id. at 3. He states that since filing the complaint, he has determined that Steven Suvaka, Kody Wetzel, Ryan Maxcey, Mark Dillmann, Nicolas, and Derek Kitts also participated in the excessive, unnecessary damage and search, and he wants to add their names to the complaint. Id.

In his proposed amended complaint, dkt. no. 59-1, the plaintiff reiterates his complaint allegations regarding the search of his home, vehicles and property at 3531 N. 8th Street, Milwaukee, Wisconsin on March 5, 2018. Dkt. No. 59-1 at ¶¶3, 7. The plaintiff alleges that defendant Graf and the newly-identified MPD officers unnecessarily destroyed his property and, after the

5

search, left it vulnerable to burglars and vandals. Id. at ¶¶8-18. He also alleges that even if these defendants didn't cause the destruction, they failed to intervene to prevent each other from destroying and leaving his home, vehicles and property in extreme disarray. Id. at ¶19.

Based on the same allegations, the plaintiff advances a new claim: "§1983's individual/personal responsibility requirement and conspiracy of silence among the officers claim." Id. at 9. He says that the defendant officers will probably deny destroying his property even if they were there for the search, and that they will refuse to disclose which officer(s) did so. Id. at 11. The plaintiff asserts that Graf has denied responsibility for causing property damage and the plaintiff was not present to see who damaged his property. Id. at 12. Graf and the other officers allegedly remained silent regarding the unnecessary destruction of the plaintiff's property in that either they know who participated in it and won't say anything, or they did participate. Id. at 12-13. The plaintiff alleges that all officers had a realistic opportunity to intervene while other officers acted illegally. Id. at 13.

The plaintiff may proceed on his Fourth Amendment unreasonable search claim against the newly identified defendants: Michael Budziszewski, Robert Watts, Andrew Gross, Chad Boyak, Anthony Milone, Steven Suvaka, Kody Wetzel, Ryan Maxcey, Mark Dillmann, Nicolas, and Derek Kitts. He claims that those who were present and did not participate should be liable under a failure-to-intervene theory. See Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994) (state actor's failure to intervene may render him culpable under §1983); see also Mwangangi v. Nielsen, 48 F.4th 816, 831 (7th Cir. 2022); Doxtator v. O'Brien, 39 F.4th 852, 865 (7th Cir. 2022) ("An officer who is present and fails to intervene to prevent other law enforcement officers from

infringing the constitutional rights of citizens is liable under §1983 if that officer had reason to know" that an unjustifiable arrest or other constitutional violation has been committed and "the officer had a realistic opportunity to intervene to prevent the harm from occurring."). Because the plaintiff does not know which of the officers who were present during the search participated in the alleged unnecessary destruction of his property, the court will allow the plaintiff to proceed on his unreasonable search and failure-to-intervene claims against all defendants.

The plaintiff states that Heft has denied damaging his property during the search, and the plaintiff believes that the other defendants will similarly deny damaging his property. To avoid dismissal of the case based on failure to identify who damaged his property, the plaintiff seeks to bring a "conspiracy of silence among the officers" claims. See Colbert v. City of Chicago, 851 F.3d 649, 657-58 (7th Cir. 2017) (plaintiffs who cannot specifically identify officers who caused property damage because they were not present during the search can satisfy §1983's personal responsibility requirement by alleging that the officers "participated in something akin to a 'conspiracy of silence among the officers' in which defendants refuse to disclose which of their number has injured the plaintiff.") (citing Molina *ex rel.* Molina v. Cooper, 325 F.3d 963, 974 (7th Cir. 2003); Hessel v. O'Hearn, 977 F.2d 299, 305 (7th Cir. 1992) (affirming summary judgment for defendant officers, despite recognizing plaintiffs' "bind," in part because the plaintiffs had "allege[d] no conspiracy")).

In Colbert, 851 F.3d at 658, the plaintiff sued only four of ten possible officers for alleged property damage, then acknowledged that he could not identify the officers responsible for the damage when the four officers he sued denied having caused it. The court of appeals explained that because the

7

plaintiff had not either (1) sued all officers he had reason to believe were responsible for the alleged property damage or (2) alleged that the officers he did sue had colluded, or conspired, to conceal the identities of those responsible for the damage, the plaintiff had not satisfied §1983's individual-responsibility requirement and his Fourth Amendment property-damage claim could not survive summary judgment. Id. at 659.

Here, it appears that the plaintiff has named all officers who were present during the search. If all the newly identified officers who were present for the search deny damaging the plaintiff's property, like Heft did, the plaintiff has alleged that the defendants colluded to conceal the identities of those responsible for the damage and he may be able to pursue discovery based on such a claim. See Hessel, 977 F.2d at 305.

## IV. Conclusion

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 45.

The court **DENIES AS MOOT** the plaintiff's motion for leave to file amended complaint. Dkt. No. 48.

The court **DENIES AS MOOT** the plaintiff's motion to compel. Dkt. No. 52.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time to file amended complaint. Dkt. No. 58.

The court **GRANTS** the plaintiff's motion for leave to file amended complaint. Dkt. No. 59. The court **DIRECTS** the clerk to docket the proposed amended complaint (Dkt. No. 59-1) as the operative amended complaint.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 60.

The court **DIRECTS** the clerk to **SUBSTITUTE** Michael Budziszewski, Robert Watts, Andrew Gross, Chad Boyak, Anthony Milone, Steven Suvaka, Kody Wetzel, Ryan Maxcey, Mark Dillmann, Nicolas, and Derek Kitts for the John Doe defendants. The court will update the docket accordingly.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and this order on defendants Budziszewski, Watts, Gross, Boyak, Milone, Suvaka, Wetzel, Maxcey, Dillmann, Nicolas, and Kitts under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** all defendants to file a responsive pleading to the amended complaint.

The court **STAYS** the deadlines for the completion of discovery and filing motions for summary judgment set in the court's scheduling order, dkt. no. 46. The court will set new deadlines for the completion of discovery and filing motions for summary judgment on the merits after the defendants file a responsive pleading to the amended complaint.

Dated in Milwaukee, Wisconsin this 13th day of August, 2025.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**

9